**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| ANCHOR POINT VENTURES, LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:07CV077-HEH |
| ) | |
| THE HARVEL CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**
**(Granting Plaintiff's Motion for Leave to File Amended Complaint)**

This matter is before the Court on Plaintiff's Motion to Amend Complaint filed on April 5, 2007. The parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will grant Plaintiff's Motion to Amend Complaint.

**I. Background**

Plaintiff Anchor Point Ventures, LLC ("Anchor Point" or "Plaintiff") filed suit against Harvel Plastics, Inc.[1] ("Harvel" or "Defendant Harvel") and Noveon, Inc. ("Noveon" or "Defendant Noveon") in the Circuit Court of Hopewell on December 20,

---

[1] According to Defendant Harvel, Plaintiff misnamed the company as The Harvel Corporation in the Complaint.

2006. There were several other defendants in this case, but they were voluntarily nonsuited by Plaintiff. The case was removed to this Court by Defendant Noveon on February 7, 2007.

Anchor Point alleges the breach of express and implied warranties against both Harvel and Noveon, and seeks $500,000 in damages after the failure of a sprinkler system caused substantial damage to its property. The sprinkler system was installed by another company, but Plaintiff alleges the failure occurred because of a defective pipe. Defendant Harvel is the manufacturer of the pipe and Defendant Noveon is the manufacturer of the resin used in the manufacture of the pipe.

Harvel filed a Motion to Dismiss and Noveon attached that Motion to its Memorandum in Support of Motion for Judgment on the Pleadings. They argue that they are remote manufacturers and cannot be held liable under the Uniform Commercial Code ("UCC") for the failure of the sprinkler system. Thereafter, Plaintiff submitted the Motion to Amend the Complaint, essentially alleging that Anchor Point purchased "goods" from Defendants Harvel and Noveon "through" another company, and that it contracted for the installation of the sprinkler system on a time and materials basis. Anchor Point alleged in its first Complaint that it bought the component parts of the sprinkler system from three other companies. Defendant Harvel asks the Court to simultaneously rule on the motions to dismiss and the Motion to Amend, and further contends that Plaintiff's Motion to Amend is futile.

## II. Standard of Review

Rule 15 provides that "[a] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[M]otions to amend are to be granted in the absence of a 'declared reason' such as undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., futility of amendment, etc." *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III. Analysis

This Court is bound to follow the law that requires that motions to amend should be liberally granted. Fed. R. Civ. P. 15(a). In this case, Defendant Harvel argues that the amendment should be denied as futile because the proposed changes do not alter the argument that the UCC does not apply here (Opposition 6.) The Court, however, does not find that the amendment is futile. If Plaintiff actually contracted for "goods," this requires proof of fact and the particular argument was not clearly presented in the original Complaint. Allowing Plaintiff to assert the factual argument in an amended complaint adheres to the "federal policy in favor of resolving cases on their merits instead of disposing them on technicalities." *Sciolino v. City of Newport News*, 2007 U.S. App. LEXIS 5734, **20–21 (4th Cir. March 12, 2007) (finding that the district court abused its discretion when it denied the plaintiff's motion to amend his complaint after the case was dismissed due to plaintiff's failure to satisfactorily plead the elements in an action under 42 U.S.C. § 1983).

It appearing that there will be no prejudice to the Defendants, no bad faith on the part of the Plaintiff, and that the amendment will not be futile, the Court will grant Plaintiff's Motion.  The Court will not rule on the pending motions to dismiss at this time, but Plaintiff and Defendants will have the opportunity to file additional memoranda in response to the Amended Complaint.  In the event that further discovery reveals that the pipe in question does not constitute a good under the UCC, the sufficiency of the contract can be more appropriately challenged by summary judgment with a full development of the underlying facts.[2]

## IV.  Conclusion

For the reasons stated above, Plaintiff's Motion to Amend Complaint will be granted.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 25th day of April 2007.
Richmond, VA

---

[2] While the Court at this time must assume there is a bona fide factual basis for the amendment, if the facts reveal the contrary, Defendants may seek the appropriate remedies.